**FILED**

JAN 0 8 2014


CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
EIGHTH CIRCUIT

---

James Irving Dale,

    Plaintiff,

Vs.

Robert Dooley, Jennifer Wagner, George Deglman, Unknown Department of Corrections Staff, CBM Correctional Food Services, Unknown CBM Employees,

    Defendants.

Court File No.: 14-4003

**42 U.S.C. 1983 & 42 U.S.C 2000cc**

**CIVIL RIGHTS COMPLAINT**

---

## INTRODUCTION

This is a civil rights action filed by James Irving Dale, a state inmate, for damages and injunctive relief pursuant to 42 U.S.C. 1983 and 42 U.S.C. 2000cc (2) Religious Land Use Institutionalized Persons Act ("RLUIPA"), alleging that the defendants violated and conspired to violate plaintiff's First Amendment right to practice his religious belief's, retaliated against plaintiff for practicing his religious belief's, took substantial steps to dissuade plaintiff from practicing his religious belief's, discriminated against the plaintiff because of his religious belief's and placed a substantial burden of plaintiff's ability to practice his religious belief's in violation of the First Amendment and Equal Protection clauses of the United States Constitution and Federal Law.

## PARTIES

1. The plaintiff, James Irving Dale, is an inmate who is incarcerated at Mike Durfee State Prison ("MDSP"), or the South Dakota State Penitentiary ("SDSP") during the events described in this complaint.

2. Defendant, Robert Dooley, is the acting warden at MDSP and is sued in his individual and official capacity.

3. Defendant, Jennifer Wagner, was the Cultural Affairs Coordinator in 2006 and 2007 at SDSP and is sued in her individual and official capacity.

4. Defendant, George Deglman, is a Unit Manager at MDSP who was assigned to investigate and respond to plaintiff's "Requests for Administrative Remedies" he is sued in his individual and official capacity.

5. Defendants, Unknown Department of Corrections Staff, are any current and former South Dakota Department of Corrections staff and are sued in his or her individual and official capacity.

6. Defendant, CBM Correctional Food Services, is the private company contracted to feed inmates at MDSP and SDSP by the South Dakota Department of Corrections.

7. Defendant, Unknown CBM Employees, is any current and former CBM employee and is sued in his or her individual and official capacity.

## FACTS

8. Plaintiff is Jewish and attends a synagogue in Minneapolis, Minnesota, he also eats kosher and keeps a kosher home on the streets.

9. Plaintiff has eaten kosher meals in prison since 2003 when he found out that the Department of Corrections ("DOC") was required by law to provide him with a kosher tray.

10. Plaintiff was brought back to the South Dakota Department of Corrections on September 1, 2013 two years after his sentence expired.

11. Plaintiff was transferred to MDSP in Springfield, South Dakota on September 20, 2013.

12. Plaintiff is hypoglycemic and has had repeated bouts of low blood sugar since he began eating the current kosher diet served to him by the defendants.

13. Since 2007 all of the defendants have waged a campaign of harassment, intimidation and retaliation against the plaintiff, and other Jewish inmates, in order to dissuade him from eating a kosher diet.

14. Eating and maintaining a kosher diet is a tenant of plaintiff's religious belief's and Judaism.

## FIRST AMENDMENT AND RELIGIOUS LAND USE INSTITUTIONALIZED PERSONS ACT VIOLATIONS

15. The defendants serve the plaintiff, and other Jewish inmates, a small bowl of rice with textured soy protein, peanut butter, jelly, bread, carrots, fruit and a small drink mix packet for lunch and dinner (supper) meals seven days a week, 365 days a year (Dale's Affidavit).

16. The rice that the defendants serve the plaintiff is not kosher, contains pork flavoring and pork byproducts.

17. For breakfast the defendants serve the plaintiff, and other Jewish inmate, a bowl of cereal, bread, jelly, fruit, milk and peanut butter or cream cheese (Tuesdays and Thursdays) seven days a week, 365 days a year (Dale's Affidavit).

18. One day a week the defendants serve a chorizo rice dish that has pork flavoring and pork by products in it and it is not kosher.

19. The peanut butter is served in small thimble sized cups and is often stale, hard and un-spreadable, on two occasions the plaintiff has found mold in his peanut butter (Dale's Affidavit).

20. The carrots are always stale or slimy, and are cut by CBM staff with the same knife used to cut swine and other unclean food, which renders them un-kosher (Dale's Affidavit).

21. The fruit is always either oranges or apples 365 days a year (Dale's Affidavit).

22. The oranges are usually green or dried up and often un-edible (Dale's Affidavit).

23. The apples are usually old, soft, and bruised to the point that they are un-edible (Dale's Affidavit).

24. The drink mix packets are usually placed under the carrots and is usually so covered with the slime from the carrots that the powdered juice will not come out of the package.

25. Plaintiff has found flies and other unidentified objects in his rice dish on several occasions (Dale's Affidavit).

26. Defendants use the same spoons to stir and serve the rice that is used to stir and serve swine and other non-kosher food that is served to the mainline trays.

27. The defendants wash the pots and pans used to cook the rice dish with the same pots and pans that are used to cook swine and other non-kosher food.

28. The entire contents of the kosher meal the defendants serve the plaintiff is placed on a small paper plate.

29. The defendants cook the rice in unsanitary conditions and allow flies and other insects to land in the rice while it is cooking and do nothing to stop it (Brian Wilson's Affidavit).

30. The defendants place the peanut butter in the thimble sized cups days in advance, and leave the peanut butter out on the counter for hours at a time while allowing flies and other insects to land on the peanut butter while it is being served and sitting on the counter (Brian Wilson's Affidavit).

31. Defendant Wagner told the defendant in 2007 that he is not Jewish and that the Department of Corrections and CBM would continue to serve the aforementioned food to Jewish inmate due to the fact that to many inmates had signed up for the kosher trays (Dale's Affidavit).

32. Many Jewish inmates have asked to be taken off the kosher trays because of what the defendants feed inmates who chose to eat a kosher diet.

## EQUAL PROTECTION VIOLATION

33. Non-Jewish inmates at MDSP and other South Dakota prisons are fed a wide variety of different meals, including special holiday meals.

34. Jewish inmates are fed the same aforementioned meals seven days a week, 365 days a year.

35. Non-Jewish inmates are allowed to trade and give away food in the dinning hall at MDSP without reprisals or disciplinary action.

36. Defendants file disciplinary reports against any Jewish inmate who gives away his food in the dinning hall.

37. If a non-Jewish inmate fails to go to a meal and pick up, or get, his tray there are no reprisals from the defendants.

38. If a Jewish inmate misses a meal, or fails to pick up his tray, he faces a disciplinary write up and is threatened with removal from his kosher tray.

39. Non-Jewish inmates are prescribed medical diets such as heart healthy, bland, and diabetic diets by the health services department at MDSP.

40. Defendants have given the plaintiff, and other Jewish inmates, a choice between eating kosher or a medically prescribed diet; but will not prescribe a medical kosher diet.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

41. Plaintiff has filed both "Informal Resolution Requests" and "Requests for Administrative Remedies" in this matter (Dale's Affidavit).

42. Defendants did not address many of the issues that the plaintiff raised in his "Informal Resolution Requests" and "Requests for Administrative Remedies" (Dale's Affidavit).

## CLAIMS FOR RELIEF

43. That defendant Dooley conspired with, or tacitly authorized, the other defendants to dissuade the plaintiff (and other Jewish inmates) from practicing his religious beliefs (Eating a kosher meal) and turned a blind eye and was deliberately indifferent to the Constitutional and federal civil rights violations that were occurring at MDSP.

44. That defendant Wagner conspired with the other defendants to dissuade the plaintiff (and other Jewish inmates) from practicing his religious beliefs (Eating a kosher meal).

45. That defendant Deglman failed to address the issues raised in plaintiff's "Informal Resolution Requests" and "Requests for Administrative Remedies" and thus turned a blind eye and was deliberately indifferent to the Constitutional and federal civil rights violations that were occurring at MDSP.

46. That defendants Unknown Department of Corrections Staff conspired with, or tacitly authorized, the other defendants to dissuade the plaintiff (and other Jewish inmates) from practicing his religious beliefs (Eating a kosher meal) and turned a blind eye and was deliberately indifferent to the Constitutional and federal civil rights violations that were occurring at MDSP and SDSP.

47. That CBM Correctional Food Services conspired with the other defendants to dissuade the plaintiff (and other Jewish inmates) from practicing his religious beliefs (Eating a kosher meal).

48. That Unknown CBM Employees conspired with the other defendants to dissuade the plaintiff (and other Jewish inmates) from practicing his religious beliefs (Eating a kosher meal).

## RELIEF REQUESTED

WHEREFORE the plaintiff requests that this court grant the following relief:

1. Issue a declaratory judgment stating that all of the defendants actions violated the plaintiff's First Amendment right to practice his religious beliefs and Federal law pursuant to 42 U.S.C. 2000cc (Religious Land Use Institutionalized Persons Act).

2. Issue an injunction ordering the defendants to perform the following:

a. Provide the plaintiff with a <u>PRE-PACKAGED</u>, certified, kosher meal that is approved by an independent Rabbi (other than one hired by the defendants) and a independent dietitian.

3. Order a trail be held in this matter and in the event that the plaintiff should prevail in proving these violations of the United States Constitution order:

a. That Defendant CBM and Unknown CBM Employees pay the plaintiff compensatory damages in the amount of $10,000.

b. That defendants Dooley, Wagner, Deglman, Unknown Department of Corrections Staff, CBM and Unknown CBM Employees pay the plaintiff punitive damages in the amount of $10,000.

c. That defendants Dooley, Wagner, Deglman, Unknown Department of Corrections Staff, CBM and Unknown CBM Employees pay the plaintiff nominal damages in the amount of $1.00.

Signed and submitted this 7th day of January 2014.

*Jim Dale*

James Irving Dale #1526
MDSP
1412 Wood Street
Springfield, SD 57062