UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES I. DALE,<br><br>    Plaintiff,<br><br> vs.<br><br>ROBERT DOOLEY, JENNIFER WAGNER, GEORGE DEGLMAN, UNKNOWN DEPARTMENT OF CORRECTIONS STAFF, CBM CORRECTIONAL FOOD SERVICES, UNKNOWN CBM EMPLOYEES, TAMMY DEJONG, KIM LIPINCOTT, JENNIFER BEMBOOM,<br><br>    Defendants. | 4:14-CV-04003-LLP<br><br>ORDER ON MOTIONS<br>(DOCKET # 34 AND 57) |

Plaintiff, James Irving Dale ("Dale") has filed a motion for independent medical expert (Docket 34) and motion for stay pending the completion of discovery or in the alternative, motion for extension of time (Docket 57).

## BACKGROUND

Dale filed a civil lawsuit alleging: (1) the defendants violated his constitutional rights and that he is entitled to injunctive, declaratory and monetary relief pursuant to 42 U.S.C. § 1983; the Religious Land Use Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc; Title II of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101; and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a). See generally, Amended Complaint, Docket 21, and Affidavit of James Dale, Docket 21-1. On June 5,

2014, Judge Piersol ordered Dale's Amended Complaint and accompanying Affidavit to be served upon the defendants.  Docket 20.

Thereafter, the defendants moved to stay discovery pending a decision on their request for summary judgment pursuant to qualified immunity.  Docket 28.  Judge Piersol granted the request for a stay of discovery.  Docket 38.  In the meantime, Dale requested the appointment of an independent medical expert (Docket 34).  The purpose of Dale's request was to "assist [him] and this court, in determining whether the alleged kosher diet that the defendants feed the plaintiff is nutritionally adequate to sustain the plaintiff in good health and to determine if said diet is the reason why the plaintiff is suffering from so many low blood sugar levels and other medical problems."  Id.  In his Order granting the stay of discovery, Judge Piersol explained that Dale's motion for the appointment of an independent medical expert would be addressed "after the issue of qualified immunity has been resolved."  See, Docket 38.

The defendants have now filed their motion for summary judgment, alleging they are entitled to qualified immunity because, as to each of Dale's claims, Dale has failed to show the defendants violated Dale's constitutional or statutory rights.  In his motion for stay pending the completion of discovery or in the alternative, motion for extension of time (Docket 57) Dale asserts that although the defendants' qualified immunity summary judgment brief was due on December 12, he did not receive it until December 22, 2014.  See, Dale's supporting affidavit, Docket 58, at p. 2, ¶ 6.[1]

---

[1] Dale's affidavit starts with ¶1 and goes through ¶5 on page one.  On

2

Dale also asserts the defendants' brief went beyond the parameters of Judge Piersol's August 25, 2014 and November 5, 2014 Orders which limited defendants' summary judgment motion and supporting brief to the issue of their entitlement to qualified immunity.  Dale claims that because the defendants' brief addressed the merits of all his underlying claims, Judge Piersol's stay of discovery should be lifted before Dale is required to submit his response to the defendants' brief.  Id. at p. 2, ¶ 1-4.

## DISCUSSION

**A.    Motion for Stay Pending Discovery or in the Alternative, For Extension of Time**

In his motion (Docket 57) Dale asks the Court for a stay pursuant to FED. R. CIV. P. 56(f) and an Order requiring defendants to provide him with discovery to allow him to properly respond to the summary judgment motion.  In his accompanying affidavit, Dale explains he needs discovery to respond to the defendants' claims: (1) that Dale's diet is nutritionally adequate and sustains him in good health; (2) that Dale has requested to be taken off his Kosher diet on several occasions; and (3) that the Kosher meals Dale receives are in fact Kosher and prepared according to Kosher law.  In the alternative, Dale requests an extension of time until February 23, 2015 to file his response to the defendants' summary judgment motion.  See, Docket 57 at p. 2.

---

page two, the ¶ numbers restart with ¶1 and continue through the end of the affidavit to ¶9.

The defendants filed a response to Dale's motion (Docket 60). They oppose the motion for a stay of discovery pursuant to FED. R. CIV. P. 56(f)[2] but do not oppose Dale's request for an extension of time to respond. Id.

The court has reviewed the defendants' motion for summary judgment (Docket 50), memorandum in support (Docket 51), and statement of material facts (Docket 52). The motion requests summary judgment as a matter of law on the grounds of qualified immunity "and as to all claims raised by Plaintiff." Id. at p. 2.

"Qualified immunity shields government officials from civil liability where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." McVay v. Sisters of Mercy Health System, 399 F.3d 904, 907 (8th Cir. 2005) (citation omitted). As such, qualified immunity entitles the defendants to avoid trial and the other burdens of litigation. Id. "Evaluating a claim of qualified immunity requires a two-step inquiry: (1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct. The defendants are entitled to qualified immunity unless the answer to both of these questions is yes." Burton v. St. Louis Board of Police Commissioners, 731 F.3d 784, 791 (8th Cir. 2013) (citations omitted). In Burton, the Eighth

---

[2] Defendants explain Rule 56(f) was amended in 2010, and its language was incorporated into what is now Rule 56(d). The "new" Rule 56(d) requires the non-movant to show "specified" reasons he cannot present facts essential to justify his opposition to the summary judgment motion in order to be granted an order deferring or denying the motion, or allowing extra time for discovery.

Circuit found there was no constitutional or statutory violation at the first step of the qualified immunity inquiry, and affirmed the district court's grant of summary judgment on the plaintiff's entire complaint. Id. at 799.

The party claiming qualified immunity "always has the burden to establish the relevant predicate facts, and at the summary judgment stage, the nonmoving party is given the benefit of all reasonable inferences." Id. at 791. If the facts taken in the light most favorable to the plaintiff do not establish a constitutional or statutory violation, the qualified immunity inquiry ends and summary judgment is appropriate, because there is no constitutional violation for which the government official would need qualified immunity. Lytle v. Bexar County, Texas, 560 F.3d 404, 410 (5th Cir. 2009)(citing, Saucier v. Katz, 533 U.S. 194, 201 (2001) modified on other grounds by Pearson v. Callahan, 555 U.S. 223, 236 (2009)); McVay, 399 F.3d at 909; Burton, 731 F.3d at 799.

In their summary judgment memorandum, the defendants address the above-stated qualified immunity standard (Docket 51 at p. 5), then address the showing necessary for Dale to prevail on each of his constitutional and statutory claims. Id. at pp. 6-11 (sufficiency of RLUIPA claim), pp. 11-18 (sufficiency of equal protection claim), pp. 18-26 (sufficiency of deliberate indifference claims), and pp. 27-32 (sufficiency of ADA and Rehab Act claims). Defendants assert the qualified immunity inquiry ends at the first step and summary judgment is appropriate as to all of Dale's claims because the defendants have committed no constitutional or statutory violations. Id. at p. 5.

5

> Whether to grant or deny a Rule 56(f) motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party.  In qualified immunity cases, the Rule 56(f) balancing is done with a thumb on the side of the scale weighing against discovery.  Qualified immunity provides 'an entitlement not to stand trial or face the other burdens of litigation, conditions on the resolution of the essential legal immunity question.  For that reason, once a defendant raises the defense, the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense.  It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings.

Harbert International, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998) (citations omitted, punctuation altered).

In Harbert, the court denied the plaintiff's request for discovery because the defendants had provided sufficient information to the court to support their motion for summary judgment based on qualified immunity and the plaintiff failed to sufficiently articulate how further discovery would help him establish the defendants violated clearly established constitutional law.  Id.  The same is true here.  The defendants have attached several exhibits to their statement of material facts (Docket 52) including but not limited to:  affidavits, inspection reports, policies and procedures, protocols, the South Dakota DOC Inmate Living Guide, forms, and Dale's institutional medical records (Docket 53).  According to the certificate of service filed by defendants, copies of all of these supporting attachments (including the medical records) were served upon Dale.  See, Docket 52, p. 6 and Docket 53, p. 2.

Although Dale asserts he needs further discovery to dispute the defendants' claims, he does not articulate with any specificity what further

6

discovery he needs or how such discovery will assist him. As such, his request to lift Judge Piersol's previous order staying discovery will be denied. See, Garner v. City of Ozark, 2014 WL 4627583 at *2 (11th Cir., Sept. 17, 2014) (Rule 56(d) request denied after defendants made a summary judgment motion based on qualified immunity because plaintiff did not articulate what facts she expected to discover or offer any explanation of how those facts would be relevant to the qualified immunity issue).

The Court will grant, however, Dale's motion for an extension of time to respond to the defendants' motion for summary judgment. Dale has requested an extension until February 23, 2015 to file his response. This request will be GRANTED. Pursuant to Local Rule 7.1, the defendants may file a reply brief on or before March 9, 2015.

**B.     Motion for Independent Medical Expert (Docket 34)**

Dale's motion for appointment of an independent medical expert (Docket 34) remains pending. Dale cites FED. R. EVID. 706(a) and (b) in support of his motion. As explained above, the purpose of Dale's request is to "assist [him], and this court, in determining whether the alleged kosher diet that the defendants feed the plaintiff is nutritionally adequate to sustain the plaintiff in good health and to determine if said diet is the reason why the plaintiff is suffering from so many low blood sugar levels and other medical problems."

In their summary judgment motion, the defendants assert there is no genuine issue of material fact as to Dale's Eighth Amendment deliberate indifference claim regarding his medical care. Defendants have provided the

7

affidavit of Misty Tolsma, the Clinical Supervising Nurse at MDSP, along with Dale's institutional medical records, in support of that assertion.  See, Docket 52-5, 53 and 53-1.

28 U.S.C. § 1915 entitles indigent prisoners to bring their legal claims to court without pre-payment of the usual fees.  There is, however, no similar provision which allows the Court to appoint expert witnesses for the express purpose of supporting a *pro se* litigant's claims.  "The plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant."  Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008). See also, Orr v. Valdez, 2011 WL 5239223 at *2 (D. Idaho) (same).

In Orr, the Court noted that § 1915 does not authorize the Court to appoint experts for indigent prisoners.  Id.  A federal court may appoint an expert witness under FED. R. EVID. 706(a), and allocate the expert's fees among the parties.  Id.  "However, courts have recognized that, reasonably construed, Rule 706 does not contemplate the appointment of, and compensation for, an expert to aid one of the parties.  In other words, the principal purpose of a court-appointed expert is to assist the trier of fact from a position of neutrality, not to serve as an advocate."  Id.  See also, Victor v. Lawler, 2011 WL 722387 at *1 (M.D. Pa.) (reiterating that the in forma pauperis statute, 28 U.S.C. § 1915, contains no provision authorizing the Court to order the appointment of medical experts for indigent litigants at no cost, gathering cases).

The court's authority to appoint an expert pursuant to FED. R. EVID. 706 is discretionary.  Tuttamore v. Allred, 2013 WL 248163 at *1 (D. Colo. Jan. 23,

2013). "The appointment of an expert pursuant to Rule 706 is not intended to further partisan interests of either party, but to aid the Court, through the services of an impartial expert in its assessment of technical issues." Id. In United States Marshals Service v. Means, 741 F.2d 1053, 1059 (8th Cir. 1984), the Eighth Circuit Court of appeals explained a district court may appoint an expert witness to assist the court at the government's expense only in "compelling" circumstances. Id.

After the parties complete their briefing on the summary judgment motion on the qualified immunity issue, the court will determine whether, in its discretion, compelling circumstances require appointment of an expert in this case to aid the court in assessing any of the issues presented. In the meantime, Dale's motion for appointment of an independent medical expert (Docket 34) will be DENIED without prejudice.

## CONCLUSION and ORDER

Accordingly, it is ORDERED:

(1)  Dale's motion for independent medical expert (Docket 34) is **DENIED** without prejudice, subject to reconsideration, if necessary, after the pending summary judgment motion has been decided; and

(2)  Dale's motion for stay pending the completion of discovery or in the alternative, motion for extension of time (Docket 57) is **GRANTED in part and DENIED in part** as follows: The motion for stay of discovery pending the completion of discovery is **DENIED**. The

motion for an extension of time is **GRANTED** as follows: Dale shall file his response to the defendants' motion for summary judgment, along with any supporting documents, on or before **Monday, February 23, 2015**.  Pursuant to Local Rule 7.1, the defendants shall file their reply to Dale's response, along with any supporting documents, on or before **Monday, March 9, 2015**.

DATED this 15th day of January, 2015.

                                        BY THE COURT:

                                        VERONICA L. DUFFY
                                        United States Magistrate Judge