UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
FEB 17 2017

---

| | |
|---|---|
| JAMES I. DALE,<br>a/k/a James Irving Dale,<br><br>        Plaintiff,<br><br>vs.<br><br>ROBERT DOOLEY,<br>UNKNOWN DEPARTMENT OF<br>CORRECTIONS STAFF,<br>CBM CORRECTIONAL FOOD<br>SERVICES,<br>UNKNOWN CBM EMPLOYEES,<br><br>        Defendants. | 4:14-CV-04003-LLP<br><br><br>ORDER DENYING MOTION TO<br>COMPEL AND GRANTING IN PART<br>AND DENYING IN PART MOTION<br>FOR SUMMARY JUDGMENT |

---

## INTRODUCTION

Plaintiff, James I. Dale, filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming that defendants violated his constitutional rights. At that time, Dale was an inmate at the South Dakota State Penitentiary in Sioux Falls. Dale now moves this Court to compel discovery, Docket 82, and defendants move for summary judgment. Docket 90. For the reasons stated below, Dale's motion is denied and defendants' motion is granted in part and denied in part.

## PROCEDURAL BACKGROUND[1]

In his amended complaint, Dale raised claims under the First, Eighth, and Fourteenth Amendments, the Religious Land Use Institutionalized Persons

---

[1] The full factual background can be found in Magistrate Judge Duffy's Report and Recommendation. Docket 68.

Act (RLUIPA), the Americans with Disabilities Act, and the Rehabilitation Act. Docket 21. On December 12, 2014, defendants filed their first motion for summary judgment. Docket 50. United States Magistrate Judge Veronica L. Duffy recommended that the court grant defendants summary judgment as to the claims under the Eighth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act. Docket 68.

Magistrate Judge Duffy found that certain defendants were not entitled to summary judgment based upon qualified immunity as to whether they had denied Dale a kosher diet because Dale should be allowed to do limited discovery. *Id.* at 57. Magistrate Judge Duffy recommended limiting this discovery to determining the identities of the " 'unknown CBM employees' and 'unknown [Department of Corrections (DOC)] staff' which he claims are the very people who violated his constitutional rights[,]" and

> "whether the entity responsible for providing his kosher diet (CBM Correctional Food Services) [was] put on notice of the claims contained in Mr. Dale's fellow inmates' affidavits (i.e. that there is a continuing, widespread persistent pattern of unconstitutional misconduct by the governmental entity's employees) that would rise to the level of deliberate indifference to or tacit authorization of such conduct.

*Id.* Therefore, Magistrate Judge Duffy recommended that Unknown DOC staff, CBM Food Services, and unknown CBM employees be denied summary judgement as to Dale's First Amendment claim and Warden Dooley, CBM Correctional Food Services, Unknown DOC staff, and Unknown CBM employees be denied summary judgement as to Dale's RLUIPA claim. *Id.* at 91.

2

This Court adopted the report and recommendation in part, denying summary judgment to these defendants as to these claims. Docket 72. The Court also granted defendants summary judgment as to Dale's Fourteenth Amendment claim. *Id.* Dale was allowed to proceed to the discovery stage on his remaining claims.

The discovery deadline was set as April 29, 2016. Docket 76. On April 20, 2016, Dale filed a motion to compel defendants to produce a set of documents. Docket 82. Defendants responded, arguing that they had responded to all of Dale's proper requests and that the remaining requests were not relevant to his remaining claims. Docket 86.

On May 27, 2016, defendants filed their second motion for summary judgment. Docket 90. Defendants argue that the limited discovery has not produced the identities of defendants because Dale has not sought this information. Docket 91. Dale responds, arguing that he has met his burden and that he sought to amend his complaint in order to add defendants. Docket 99.

**STANDARD OF REVIEW**

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by presenting evidence that there is no dispute of material fact or by showing that the nonmoving party has not presented evidence to support an element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). To avoid summary judgment, "[t]he nonmoving party may not rest on mere allegations or denials, but must

demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) (citation omitted and quotation marks).

Prisoners who proceed pro se are entitled to the benefit of liberal construction at the pleading stage. *Quam v. Minnehaha Cty. Jail*, 821 F.2d 522, 522 (8th Cir. 1987). Nonetheless, the summary judgment standard set forth in Rule 56 of the Federal Rules of Civil Procedure remains applicable to prisoners proceeding pro se. *Id.* The district court is not required to "plumb the record in order to find a genuine issue of material fact." *Barge v. Anheuser–Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996). Courts must remain sensitive, however, "to the special problems faced by prisoners attempting to proceed pro se in vindicating their constitutional rights, and [the Eighth Circuit does] not approve summary dismissal of such pro se claims without regard for these special problems." *Nickens v. White*, 622 F.2d 967, 971 (8th Cir. 1980). "When dealing with summary judgment procedures the technical rigor is inappropriate where . . . uninformed prisoners are involved." *Ross v. Franzen*, 777 F.2d 1216, 1219 (7th Cir. 1985).

## DISCUSSION

### I. Motion to Compel

Dale moves to compel production of a set of purchasing orders and documents concerning the alteration of his kosher diet status. Docket 82. Defendants respond that most of these requests are irrelevant and that they have appropriately responded to the relevant requests.

**A.    Waiver**

Dale first argues that defendants waived their right to object because the response to the discovery requests was beyond the 30-day time limit set out in Federal Rule of Civil Procedure 34(b)(2)(A). While the "party to whom the request is directed must respond in writing within 30 days after being served[,]" a "longer period of time may be stipulated to under Rule 29[.]" Fed. R. Civ. P. 34(b)(2)(A). Rule 29 states, in relevant part, that "procedures governing or limiting discovery [may] be modified[.]" Fed. R. Civ. P. 29(b). Thus, parties are allowed to agree to extend the time period for responding to requests for production of documents as long as such agreements do not interfere with the time set for completing discovery.

Here, the parties agreed to an extension of time for defendants to respond to Dale's discovery requests and the agreement did not interfere with the time set for completing discovery. According to Dale's declaration, he sent a request for production of the purchasing order on December 29, 2015. Docket 83 ¶ 1. Within thirty days, in "January of 2016," defendants asked for an extension until February 12, 2016 to provide documents, and Dale agreed. *Id.* ¶¶ 2-3. On February 12, 2016, defendants sent some of the requested documents and objected to the remainder of the requests. *Id.* ¶ 5.

Defendants objected to Dale's discovery requests in a timely manner. Also, the agreement to extend the time for responding to the discovery requests did not interfere with the time set for completing discovery because the

discovery deadline was April 29, 2016. Defendants, therefore, did not waive their right to object.

### B. Purchasing Orders

Dale moves to compel MDSP's purchasing orders for peanut butter, margarine, and cereal. These purchasing orders, however, are irrelevant to Dale's remaining claims. Dale's claim that the kosher diet is nutritionally inadequate was dismissed. In his amended complaint, Dale alleged that the peanut butter was "often stale, dried up and not spreadable onto bread," and moldy on several occasions, and that it gave him diarrhea. Docket 21 ¶¶ 28, 66. He did not allege that the peanut butter was not kosher, and this is the only claim that survives.

Dale argues this is relevant because he "should be able to discover if any of the other food that CBM Correctional Food Services serves to Dale is kosher or not." Docket 96 at 2. Requests are only relevant if they are within the scope of the case. Here, Dale did not allege that the peanut butter was not kosher in his amended complaint. He cannot merely go through the foods defendants serve to see if they are kosher. Further, the amended complaint only mentions cereal once, raising no allegations about whether the cereal was kosher, and does not even mention margarine. The Court finds these documents irrelevant to Dale's remaining claims and denies his motion to compel.

### C. Requests to Change Religious Diet Requests

Dale moves to compel documents concerning changes in his religious diet status. Defendants argue that they asked Rebecca Linneweber, the

6

Cultural Affairs Coordinator at MDSP, for documents responsive to Dale's request. Docket 89 ¶¶ 1-5. She avers that she searched both the paper documents and the DOC's electronic information management system (COMS). Id. ¶¶ 6, 8-10. The searched produced a kite filed by Dale and a screen print of Dale's information on COMS. Id. ¶¶ 7, 10. Linneweber found no other responsive documents. Id. ¶¶ 7, 11. Therefore, defendants have complied with Dale's document production request. Dale's motion to compel is denied.

## II.  Motion for Summary Judgment

### A.  First Amendment Claim

Defendants Unknown DOC staff, CBM Food Services, and unknown CBM employees move for summary judgment on Dale's First Amendment claim. The Court allowed Dale to proceed with his First Amendment claim to the discovery phase in order to discover the identities of the people who allegedly violated his constitutional rights by serving allegedly non-kosher food and to discover the extent to which CBM had been put on notice of these alleged violations.

In Dale's Request for Interrogatories to Dooley, he asked, "Who is responsible for insuring that the religious/kosher diet trays that are served to inmates at MDSP are prepared in a kosher manner? (Please provide persons name)." Docket 93-7 ¶ 10. Defendants responded:

> As stated above, CBM staff and employees on site at MDSP are those persons responsible for the preparation of the kosher meal. John Trierweiller is the CBM District Manager who is responsible for oversight of CBM operations in all DOC facilities. Currently the Food Service Director position at MDSP is vacant. Barry Schroeter was the former Food Service Director at MDSP. As the contract vendor with the DOC for the preparation and service of the kosher meal, CBM is the entity who is responsible for ensuring that the

7

>kosher meals provided to inmates at MDSP are prepared in a kosher manner. As Warden of MDSP I also share responsibility to ensure that kosher meals provided to inmates are prepared in a kosher manner.

Docket 100-1 at 14.

Defendants argue that other than Trierweiller and Schroeter, "Dale has not conducted any discovery to identify any other unknown CBM employee that may have directly engaged in the alleged pattern of conduct that rendered the kosher meal to non-kosher." Docket 106 at 3. The Court disagrees. In defendants' own words, Trierweiller and Schroeter are responsible for ensuring that kosher meals are indeed kosher. Dooley admitted that he also has responsibility for kosher meals but that responsibility is as "captain of the ship" and no knowledge nor negligence on the part of Dooley has been shown. If there was some other party who constituted the unknown CBM and DOC employees, they should have been named in the response to Dale's interrogatory. Further, Schroeter's affidavit states that he oversaw the preparation of kosher meals when he worked at MDSP, Docket 52-2, and Trierweiller's affidavit states that he did the same job when he took over in 2015. Docket 94.

Defendants further argue that Dale has not shown that CBM was put on notice of the alleged violations. Dale provides the affidavits and declaration of a number of inmates who worked in the kitchen at MDSP who testify that they informed CBM staff that the kosher food was not in fact kosher. Docket 64-2 ¶ 8; Docket 64-5 ¶ 7; Docket 64-13 ¶ 6. Dale also provides affidavits and declaration in which inmates testify that CBM staff ordered them to serve or

prepare the food in a non-kosher way. Docket 64-3 ¶ 6; Docket 64-4 ¶¶ 6-7; Docket 64-13 ¶ 5; Docket 100-2 ¶ 3.

To rebut this, defendants offer the affidavit of John Trierweiler, the supervisor of CBM foodservice operations at MDSP. Docket 94. Trierweiler took over this position from Schroeter, who worked at CBM in this capacity until approximately October 2015. *Id.* ¶¶ 4-5. Trierweiler testifies that he has never received complaints concerning the kosher meals at MDSP or witnessed any of the behavior of which Dale complains. *Id.* ¶¶ 12, 14-15. Trierweiler was Schroeter's supervisor before October 2015, and Trierweiler testifies that Schroeter "would have reported to me any complaints received regarding the kosher meal preparation and service at MDSP[,]" but that he did not "recall any complaints . . . ." *Id.* ¶ 13.

Trierweiler's statement that Schroeter "would have reported" any complaints is simply not enough to negate the evidence provided by Dale. Trierweiler was not working in MDSP day to day during the period of the amended complaint, which was filed in June 5, 2014, over a year before Trierweiler began working in MDSP. The affidavits and declarations provided by Dale are the statements of inmates working in MDSP kitchen during the time period of the amended complaint.

Dale raises an issue of material fact as to whether defendants violated his constitutional rights. He also raises an issue of material fact as to whether CBM had notice of the violations that Dale alleges. Therefore, the Court denies defendants' motion as to Dale's First Amendment claim.

Case 4:14-cv-04003-LLP   Document 115   Filed 02/17/17   Page 10 of 12 PageID #: 1217

### B. RLUIPA Claim

Defendants are granted summary judgment on Dale's RLUIPA claim. In the Report and Recommendation, Magistrate Judge Duffy explained that the "only 'appropriate' relief available under RLUIPA . . . is injunctive relief" and that "no monetary relief is available under RLUIPA[.]" Docket 68 at 66. Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of "adjudicative facts." Although not discussed by defendants, the Court takes judicial notice that Dale was released from South Dakota DOC custody. Docket 111. *See* Fed. R. Evid 201; *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (courts may take judicial notice of public records).

A prisoner who "is no longer subject to the policies that he challenges," does not have a "live case or controversy[,]" and his claims for injunctive relief are moot. *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012). Dale's claim for injunctive relief is moot because he is no longer subject to the allegedly unconstitutional kosher diet. The exception to the mootness doctrine for claims capable of repetition yet evading review is not applicable, because Dale did not make a showing that he is likely to be transferred back to South Dakota. *See Id.* Therefore, defendants' motion for summary judgment is granted as to Dale's RLUIPA claims.

### III. Defendants

Dale's only remaining claim is that unknown DOC staff, CBM Food Services, and unknown CBM employees violated his First Amendment rights by serving him non-kosher food. As discussed above, discovery has revealed, to

10

the extent seemingly possible, the identities of those responsible for ensuring that the kosher meals were properly prepared and served. Therefore, summary judgment is granted to defendants unknown CBM employees because they are no longer unknown. If Dale wishes to amend his complaint in order to add Trierweiller and Schroeter, he may do so. He may not, however, use this amended complaint to add claims.

Summary judgment is also granted to unknown DOC staff. Defendants have provided evidence that DOC staff members are not involved in preparing or serving the kosher meals at MDSP. Docket 94 ¶ 10, Docket 95 ¶ 9. Therefore, Dale has not raised an issue of material fact as to whether DOC staff violated his constitutional rights.

## CONCLUSION

Dale sets forth facts sufficient to demonstrate a genuine issue of material fact and overcome defendants' motion for summary judgment as to his First Amendment claim. Because he has been released from South Dakota DOC custody, defendants are granted summary judgment as to his RLUIPA claims. The unknown defendants in Dale's amended complaint are now known. Therefore, summary judgment is granted to defendants unknown DOC staff and unknown CBM employees. Finally, Dale may amend his complaint in order to add discovered defendants.

Accordingly, it is ORDERED

1. Dale's motion to compel (Docket 82) is denied.

2. Defendants' motion for summary judgment (Docket 90) is granted as to all claims against Robert Dooley, Unknown Department of Corrections Staff, and Unknown CBM Employees.

3. Defendants' motion for summary judgment (Docket 90) is granted as to Dale's RLUIPA claim against CBM Correctional Food Services.

4. Defendants' motion for summary judgment (Docket 90) is denied as to Dale's First Amendment claim against CBM Correctional Food Services.

5. If Dale wishes to add defendants, he must do so through a proposed amended complaint no later than March 9, 2017.

Dated this 17th day of February, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY:_____
　　　　DEPUTY